IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERENCE STEWART, ) | | |
| ID # 16061267, ) | | |
| Plaintiff, ) | | |
| vs. ) | No. 3:17-CV-770-M (BH) | |
| ) | | |
| DALLAS SHERIFF'S DEPARTMENT, ) | | |
| OFFICER NORWOOD, OFFICER ) | | |
| SHELTON, ) | | |
| Defendants. ) | Referred to U.S. Magistrate Judge | |

**AMENDED FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this *pro se* prisoner case has been automatically referred for full case management. Before the Court is the plaintiff's amended *Application to Proceed In Forma Pauperis*, received May 11, 2017 (doc. 13), with the required certificate of inmate trust account. The pending *Application to Proceed In Forma Pauperis*, received April 7, 2017 (doc. 8), is **DEEMED MOOT**. Based on the relevant filings and applicable law, the case should still be summarily **DISMISSED** as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g) unless the plaintiff timely pays the filing fee.

**I. BACKGROUND**

On March 17, 2017, Terence Stewart (Plaintiff), then an inmate in the Dallas County Jail, filed this civil rights action against the Dallas County Sheriff's Department and two officers at the jail. (doc. 3.) He claims that one of the officers used excessive force and that the other officer failed to protect him from the excessive force. (doc. 10 at 3.)[1] He seeks leave to proceed *in forma pauperis* and has now provided the required certificate of inmate trust account. No process has been issued.

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

## II. THREE STRIKES

Because he is a prisoner seeking to proceed *in forma pauperis*, Plaintiff's action is subject to review under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. One of the major changes promulgated by the PLRA is the "three-strikes" provision in § 1915(g). It provides that inmates may not proceed without the prepayment of fees if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

Plaintiff has had three or more prisoner civil actions dismissed as frivolous or for failure to state a claim. *See Stewart v. Valdez, et al.*, No. 3:17-CV-370-G, 2017 WL 876003, at *1 (N.D. Tex. Fe. 10, 2017) (listing cases), *rec. accepted,* 2017 WL 875854 (N.D. Tex. Mar. 3, 2017). Under § 1915(g), he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. Plaintiff has still made no allegations suggesting that he is in imminent danger of serious physical injury. He must therefore prepay the filing fee before he may proceed with his case.

## III. RECOMMENDATION

Plaintiff's application to proceed *in forma pauperis* should be **DENIED**, and his claims should be summarily **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g) unless he pays the full $400 filing fee[2] prior to acceptance of this recommendation or before a deadline

---

[2] As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $50 administrative fee will not be deducted. *Id.*

otherwise established by the Court.

**SIGNED this 12th day of May, 2017.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE